UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUIS DE LA CRUZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal Action No. 01-10118-JLT |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM

March 4, 2014

TAURO, J.

I.   Introduction

On July 1, 2013, Luis De La Cruz ("Petitioner") filed a Motion to Reopen Original 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b)(5) and/or (6) [#535]. This court denied Petitioner's motion and entered judgment in favor of the United States on January 13, 2014. Presently at issue is Petitioner's Motion for Issuance of Certificate of Appealability [#546], which he filed on February 18, 2014. For the following reasons, Petitioner's Motion is DENIED.

II.   Background

Petitioner was "convicted after a two-week trial on one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, 21 U.S.C. § 846, and one count of possession with intent to distribute and distribution of heroin, 21 U.S.C. § 841(a)(1)."[1] Petitioner is currently serving a 240-month sentence, which this court imposed on February 14, 2006.[2] His

---

[1] Report & Recommendation [#500], 2.

[2] Order [#352].

conviction was affirmed on direct appeal.[3] After the First Circuit denied his appeal, Petitioner proceeded to file a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#411] on January 11, 2010. On February 21, 2012, Magistrate Judge Collings issued a Report and Recommendation [#500], recommending that this court deny Petitioner's § 2255 Motion. On March 5, 2012, this court accepted and adopted Magistrate Judge Collings' Report and Recommendation.[4] On March 12, 2012, Petitioner filed an Application for Certificate of Appealability [#507], which this court denied shortly thereafter.[5] Having exhausted more traditional means for having his conviction overturned, Petitioner filed his Motion to Reopen Original 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b)(5) and/or (6) [#535] on July 1, 2013. This court denied Petitioner's Motion to Reopen on January 13, 2014,[6] which prompted Petitioner to file the Motion for Issuance of Certificate of Appealability that is currently at issue.

III.     Discussion

In order to challenge this court's denial of his Motion to Reopen Original 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b)(5) and/or (6), Petitioner seeks a certificate of appealability ("COA") on the grounds that his Sixth Amendment rights were violated when this court, presided over by Judge Keeton at the time, failed to submit certain factual and legal questions to the jury during the trial that resulted in his conviction. Petitioner's primary contention is that recent Supreme Court decisions delivered in Alleyne v. United States[7] and

---

[3] United States v. De La Cruz, 514 F.3d 121 (1st Cir. 2008), cert. denied, 129 S.Ct. 2858 (2009).

[4] Order [#502].

[5] Order [#514].

[6] Order [#540].

[7] 133 S.Ct. 2151 (2013).

Burrage v. United States[8] make clear that Petitioner should not have been subject to penalty enhancement provisions of the Controlled Substances Act because the jury was not asked to determine whether his heroin distribution actually *and* proximately resulted in death. Petitioner additionally claims that this court violated his Sixth Amendment rights when it "found him individually responsible for 1052 grams of heroin, instead of submitting the question for the jury to determine."[9]

Though this court denied Petitioner's Rule 60(b) motion on the merits,[10] it need not have reached that point to deny Petitioner's claim. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, petitioners are limited in their ability to pursue "second or successive" habeas petitions.[11] Before filing successive habeas petitions in a district court, the AEDPA requires petitioners to "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[12] In Rodwell v. Pepe, the First Circuit interpreted "second or successive" habeas petitions to include motions brought under Rule 60(b) that "deal[] primarily with the constitutionality of the underlying . . . conviction or sentence," as opposed to those that "attack[] only the manner in which [an] earlier habeas judgment [had] been procured."[13] The First Circuit thus extended the AEDPA's heightened procedural obstacles to Rule 60(b) motions like the one filed by Petitioner. Petitioner's habeas petition deals primarily

---

[8] 134 S.Ct. 881 (2014).

[9] Mot. for Issuance of Certificate of Appealability [#546], 4.

[10] See Order [#540].

[11] 28 U.S.C. § 2244(b) (2012).

[12] Id. § 2244(b)(3)(A).

[13] Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003); see also Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003).

with the constitutionality of his conviction and Petitioner failed to obtain, or even request, the authorization required under the AEDPA. This court, therefore, denies Petitioner's Motion on the grounds that he failed to comply with the AEDPA's procedural requirements for filing a second or successive habeas petition.

Even if Petitioner had requested and received the authorization required under Rodwell, his Motion fails to satisfy the well-established standard for granting a COA. Such relief should be granted only upon a "substantial showing" of a constitutional violation.[14] The definition of what constitutes a "substantial showing" is straightforward. If a district court has rejected the original petition on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[15] After reviewing the record and Petitioner's submissions, this court concludes that Petitioner fails to satisfy the abovementioned standard.

Petitioner contends that this court violated his Sixth Amendment right to trial by jury. His claim is predicated on the contention that his sentence was inappropriately enhanced because the jury that convicted him did not determine the amount of heroin that he distributed and did not establish the proximate cause element required by Burrage v. United States.[16] As this court stated in its Order denying Petitioner's Motion to Reopen, however, "[t]he jury was not required to determine the drug quantity attributable to Petitioner or whether the heroin ingested by [the

---

[14] Slack v. McDaniel, 529 U.S. 473, 483 (2000); see Escudero-Aponte v. United States, 65 Fed. Appx. 333, 334 (1st Cir. 2003) (applying the Slack standard in reviewing a certificate of appealability denial following the denial of a Rule 60(b) motion).

[15] Slack, 529 U.S. at 484.

[16] Burrage v. United States, 134 S.Ct. 881 (2014) ("[A] defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.").

decedent] was attributable to Petitioner."[17] Additionally, as he did in his prior attempts to have his conviction reconsidered, Petitioner is merely presenting the same arguments of constitutional violation that this court previously heard and rejected, only this time with the support of more recent, yet still unhelpful, Supreme Court case law. Moreover, not only did the jury determine "all facts relevant to the twenty-year minimum sentence,"[18] it specifically found beyond a reasonable doubt

> that the conspiracy involved 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, that the ingestion of heroin was a but-for cause of [decedent's] death, that the heroin causing [decedent's] death was distributed as part of the charged conspiracy, and that Defendant himself was in the chain of distribution for the heroin causing [decedent's] death.[19]

Nothing in Petitioner's <u>Motion</u> indicates that this court's assessment of the constitutional claims was debatable or wrong.  This court therefore sees no "substantial showing" of a constitutional violation.[20]

IV.     <u>Conclusion</u>

Reasonable jurists would not find these issues debatable. For the foregoing reasons, this court finds no basis for granting a COA in the present case. The <u>Motion</u> is DENIED.

IT IS SO ORDERED.

       /s/ Joseph L. Tauro
       United States District Judge

---

[17] Order [#540], 2.

[18] Order [#540], 2.

[19] <u>United States v. De La Cruz</u>, 514 F.3d 121, 128 (1st Cir. 2008).

[20] <u>Slack</u>, 529 U.S. at 483.